Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| | |
|---|---|
| **United States District Court** | District |
| Name (under which you were convicted): Adam Lamar Robinson | Docket or Case No.: 2:06 cr 223-MEF-01 |
| Place of Confinement: Yazoo City PO Box 5000 Yazoo City MS 39194 | Prisoner No.: 12040-002 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| | v. Adam Lamar Robinson |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
United States District Court
middle District of Alabama
1 Church St Montgomery Ala 36104

   (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): July 25th 2007

   (b) Date of sentencing: 10-30-07

3. Length of sentence: Sixty four Months  (64)

4. Nature of crime (all counts): 18 USC 922 (g)(1) Felon In Possession of A Firearm.

   26 USC 5861 (d) Receipt or possession of A Firearm not Registered In the National Firearms Registration And Transfer Record.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

   _____

   _____

   _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

8.  Did you appeal from the judgment of conviction?     Yes ☐     No ☑

9.  If you did appeal, answer the following:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Result: _____

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

       If "Yes," answer the following:

       (1) Docket or case number (if you know): _____

       (2) Result: _____

       _____

       (3) Date of result (if you know): _____

       (4) Citation to the case (if you know): _____

       (5) Grounds raised: _____

       _____

       _____

       _____

       _____

       _____

       _____

10. Other than the direct appeals listed above, have you previously filed any other motions,

    petitions, or applications concerning this judgment of conviction in any court?

         Yes ☐     No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑    No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑    No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ❑    No ☑

(2) Second petition:     Yes ❑    No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _Appellent was In Transit. Also US Attorney's office Appelled This case (out Come Unknown )_

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: _Ineffective Assistance Caunsel Thomas Goggans_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _See Affidavit Attachment With Exhibits 1 - 8 Trail Caunsel was fired For Not doing his Job. Appellent Told Trail Caunsel how And what To fight A The Suppression hearing. But Trail Caunsel Did Some-Thing Veles._

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND TWO: 4th Amendment Violation.
Defective Search Warrant.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Affidavit Attachment.
With Exhibits 1 Through 8

Search Warrant was Defective, In That
It Failed to describe, A Person, Property
or give A Address to be Searched.

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: <u>In Transit</u>
<u>Government Appelled out Come unknown.</u>

_____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐    No ☑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐  No ☑

  (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐  No ☑

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed: _____

_____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

  (3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐  No ☑

  (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐  No ☑

  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐  No ☑

  (6) If your answer to Question (c)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: _____

_____

_____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Thomas M. Goggans. 2030 E 2nd St Montgomery Ala 36106

(b) At arraignment and plea: _____

_____

(c) At trial: _____

(d) At sentencing: Everett M Urech, 510 N Daleville Ave PO Drawer 70 Daleville, Alabama 36322

(e) On appeal: _Everett Urech._____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: _Set - Aside_

_____

_____

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ 3-6-2008 (month, date, year).

Executed (signed) on _3- 6- 2008_ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]
* * * * *



Adam L. Robinson
13040-003 1B U.
PO Box 5000
YAZOO City MS.
39194

Clerk of Court
United States District Court
1 Church Street
Montgomery, Alabama.
36104

# AFFidavit

Counsel Failed to Challenge the Search Warrant. The Search Warrant Failed To Identify the property to be Search, or The Things to be Seizued.

See Exhibit (1) Search Warrant. Dated June 14th 2006.

On November 6th 2006 Counsel Filed A motion to Suppress the Search Of A package, by Custom Agents.
See Exhibit (2) Letter From Thomas Goggans to Adam Robinson Dated October 30th 2006 Counsel Knows before Filing motion to Suppress, Custom Agents do not Need A Search Warrant or Probable Cause to Open Packages.
In Counsel's Letter he Clearly States, The Courts have routinely held that Custom Agents do not have to have A Search Warrant or Probable Cause to Search packages Coming Into the United States.

see Exhibit(3)                                    Page(2)

Letter From Adam Robinson to
Thomas Goggans, Dated Nov 6th 2006
As I stated, To Mr Goggans In
This Letter, I wanted Counsel to
Challenge The Search Warrant Issue
Among other Things, At The
Suppresing hearing.
Not the Issue OF The Mail Package


On June 15th 2006 At 2:00pm Agents
with The (ATF) Served a Search warrant
On the Appellents wife Karen Robinson.
At 1708 Formosa Court Deatsville, AIA 36022
After haveing Initated a Controlled
Delivery OF A mail package Containing
A Firearm Silencer. Not untill The Search
was Complete was a Copy OF The Search
Warrant given To Mrs Robinson Along with
a List OF Items That where Taken by
The (ATF)
Never was A Copy OF The Search Warrant
AFFidavit, given to Mrs Robinson.
Never was Copis OF Attachment A & B
given to Mrs Robinson
See Exhibit 4 & 5 Attachment A & B
Also See Exhibit 6 AFFidavit by
ATF Agent Timothy Fitzpatrick

See Exhibit 4 & 5 Attachment H & B
Also See Exhibit 6 Affidavit by
ATF Agent Timothy Fitzpatrick.

Page (3)

At the time of the bearch, Agent
Timothy Fitzpatrick, with the ATF
Questioned Mrs Robinson About the
Firearms In her home.
Mrs Robinson Stated that she worked For
the Autauga County Sheriff's office,
And that she (Mrs Robinson) was permitted
to Carry Firearms, And that All the
Firearms In the home belong to her.
See Exhibit (7)
Summary of Events by Timothy Fitzpatrick
with the ATF
See paragraph (5) Line (10)
Mrs Robinson Clearly States, All the Guns
In her home belong the her.


On June 15th 2006 Agents with the ATF
Spent 4 hours At The Appellents home
While berving A bearch Warrant.
During the bearch 32 Items where
taken, From the Appellents home.
None of These 32 Items are Listed
on the Face of the Warrant
Nor Is there A Address Listed on the
Face of the Warrant.
Only one Item IS Listed In The
Affidavit And In Attachment (B)
See Exihibit (8) Inventory of

On the Face of the Warrant
Nor Is there A Address listed on the
Face OF the Warrant.
Only one Item IS listed In The
AFFidavit And In Attachment (B)
bee Exihibit (8) Inventory OF
property taken

Page (4)

ON June 15th 2006, when Agents with The ATF. Initiated A Controlled delivery of A mail Package, Containing A Firearm Silencer.

Mrs Karen Robinson retrieved the mail Package, Containing the Firearm Silencer. One June 15th 2006 the Appellent was IN Jackson Mississippi On business At the time the mail package was delivered to the Appellents Home.

On Count (2) OF the Appellents Indictment, the Appellent was Charged with Knowingly possession A Firearm Silencer. (A Weihrauch sport Silencer) To this Date the Appellent has Never possessed, seen, Or been IN the Same room with the Silencer IN Question.

Page (5)

Declaration under penalty of perjury
1746 (2) reading.

IF Executed within the United States
It's territories, possession's or
Commonwealth's:

I declare ( or Certify, verify or state )
under penalty of perjury that the
Forging IS true And Correct.

Executed on this __6th__ day of march 2008

Witnesses: (1) Aaron Williams
              (2) Jeff Cayson
              (3) Josh W. Fann

Adam Lamar Robinson
#12040-002
FCI-Low-Yazoo
PO BOX 5000
Yazoo City, Ms.
                39194

# *United States District Court*

_____ **MIDDLE** _____ **DISTRICT OF** _____ **ALABAMA** _____

| | |
|---|---|
| **In the matter of the Search of** | **SEARCH WARRANT** |
| (Name, address or brief description of person, property or premises to be searched) | |
| | **CASE NUMBER:** |
| **See Attachment A** | |

TO: _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by _Timothy Fitzpatrick, Bureau of Alcohol, Tobacco, Firearms,_
_____ Affiant_

**& Explosives,** who has reason to believe that ☐ on the person of or ☒ on the property or premises known
as (name, description and/or location)

**See Attachment A**

in the _____ **Middle** _____ District of _____ **Alabama** _____ there is now

concealed a certain person or property, namely (describe the person or property)

**See Attachment B**

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the
person or property so described is now concealed on the person or premises above-described and establish
grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _June 24, 2006_
_____
Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this
warrant and making the search (in the daytime -- 6:00 A.M. to 10:00 P.M.) (at any time in the day or night
as I find reasonable cause has been established) and if the person or property be found there to seize same,
leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory
of the person or property seized and promptly return this warrant to _Charles S. Coody_
as required by law.                                                                            U. S. Judge or Magistrate Judge

_JUNE 14, 2006_ @ _2:24 p.m._    at    _____ Montgomery, Alabama _____
Date and Time Issued                                        City and State

CHARLES S. COODY
United States Magistrate Judge
me & Title of Judicial Officer                                        Signature of Judicial Officer



**THOMAS M. GOGGANS**
ATTORNEY AT LAW

2030 EAST SECOND STREET
MONTGOMERY, ALABAMA 36106

TELEPHONE: 334.834.2511
FACSIMILE: 334.834.2512

October 30, 2006

Mr. Adam Robinson
City Jail
P O Box 159
Montgomery AL 36101

RE:    United States of America v. Adam Robinson
       United States District Court
       Middle District of Alabama
       Case No. 2:06CR0223-MEF

Dear Mr. Robinson:

I have not yet completed the motion to suppress in your case. Courts have routinely held that customs agents do not have to have a search warrant or probable cause to search packages coming into the United States from outside the country. There may be some room for argument that based on statutory language, a change in the status of the law is warranted. Unfortunately, on another front, the Supreme Court of the United States has just recently held that anticipatory search warrants, such as the one in your case, do not themselves have to set forth conditions precedent to their execution. This recent holding of the Supreme Court of the United States has diminished the strength of if not taken away one of the arguments to suppress the evidence in your case. I will keep working on this and will keep you posted.

Sincerely,

Thomas M. Goggans

TMG/mhp



November 6, 2006

Thomas M. Goggans
Attorney at Law
2030 East Second Street
Montgomery, Alabama 36106

Mr. Goggans,

This is in response to your letter dated on October 30th, 2006.  My
understanding of the law concerning packages coming from out of the country is
very limited.  But my understanding of the laws with respect to search warrants I
do have some knowledge of.

(The Supreme Court) in Groh v. Ramirez 124 s ct 1284 (February 24, 2004)
ruled a search warrant failed to describe things to be seized was invalid on it's
face.

United States v. Bridges, 344.3d 1010 (9th cir 2003) clearly highlights the need
for a warrant to contain on it's face incorporated and attached search warrant
application sufficient information to instruct both the executing officer and the
place to be searched of the nature of the alleged violations and the description of
the items to be seized.

FRCRM-Rule 41
(2) Contents of the Warrant

The Warrant must identify the person or property to be searched.  Identify any
person or property to be seized and designate the magistrate judge to who it
must be returned.

As you can see the above rule is out of the Federal Rules of Criminal
Regulations. These are not my rules, but rules that the (ATF must go by).  Also
the (2) above cases are from the year 2003 and 2004.  Please foward to me in
writing where it states any case law earlier than 2003 with respect to search
warrants.

As you have seen the search warrant used at my home failed to have an affidavit
for a search warrant.  Also failed to have any name, address or things to be
seized.

Mr. Goggans you stated to me that the package was checked by (Customs
Agents) who then informed the (ATF) therefor the (ATF) knew what was in the
package, where it was going, and who it was going to.  Therefor the (ATF) had
all the information they needed to put on the search warrant but failed to do so.
The name, address, and what they were looking for.  Also I have a copy of a

*ATTACHMENT A*



## DESCRIPTIONS OF THINGS TO BE SEARCHED

### *The Premises*

The Premises of Adam Lamar Robinson
Address: 1708 Formosa Court
including all outbuildings and appurtenances thereto
in the City of Deatsville
in the County of Autauga
in the Middle District of Alabama

### *The Vehicle*

N/A

### *Premises' Physical Description*

Stories - 1
Construction Type – Brick
Color - Red with green shutters
Garage/Carport – Attached carport on right side of residence.  Shed in the rear yard of the residence, tan in color

ATTACHMENT B



## DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED

### *FIREARMS*

One Weihrauch Silencer, no serial number

Any firearms and/or ammunition as defined in Title 18, Chapter 44, Section 921.

### *DOCUMENTS*

All documents and/or data relating to the possession, transfer or purchase of firearms, to include computer equipment and or phone records.

### *INDICIA OF CONTROL OF THE PREMESES*

Records that establish the persons who have control, possession, custody or dominion over the property and vehicles searched and from which evidence is seized, such as: personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, photographs (developed or undeveloped), leases, mortgage bills, and vehicle registration information or ownership warranties, receipts for vehicle parts and repairs and telephone answering machine introductions and fingerprints.

## AFFIDAVIT

I, the undersigned affiant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. My name is Timothy C. Fitzpatrick. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am presently assigned to the Montgomery, Alabama Field Office. The Montgomery Field Office is one of several ATF offices supervised by the Nashville Field Division, which encompasses Alabama and Tennessee. The Montgomery Field Office's area of operation is the Middle Federal Judicial District of Alabama.

In 1992, I graduated from the New Orleans Police Department Academy and served as a police officer until 1997. During my tenure with the New Orleans Police Department I served as an investigator for approximately three years. In 1997, I graduated from the Louisiana State Police Academy and served as a State Trooper until 2004. During my tenure with the Louisiana State Police I served as a narcotics investigator for approximately four years. In 1999, I received an Associate of Arts Degree in Criminal Justice from Delgado Community College in New Orleans and in 2001; I received a Bachelor of Criminal Justice Degree from Loyola University in New Orleans. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and a graduate of Special Agent Basic Training at the ATF National Academy. I have been a Special Agent with ATF since August 2004.

My duty as a Special Agent is to enforce federal law. As an ATF Special Agent, I investigate violations of federal firearms and explosive laws. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws and know that it is a violation of Title 26 U.S.C. Chapter 53 Section 5861(d) to receive or possess a firearm which is not registered to him in the Nation Firearms Registration and Transfer Record

or (i) to receive or possess a firearm which is not identified by a serial number as required by this chapter or (k) to receive or possess a firearm which has been imported or brought into the United States in violation of section 5844.

Based on my experience in conducting and participating in search warrants, the experience and knowledge of conducting search warrants to which I have been exposed, and my instruction at the ATF academy, I know:

1.    That persons possess in their residences, businesses, other real property and vehicles over which they have dominion and control, documents which indicate their occupancy and/or ownership such as: personal mail, checkbooks, identification, notes, correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, photographs, leases, mortgage bills, vehicle registration information, ownership warranties, receipts for vehicle parts and repairs, telephone answering machine introductions, that persons often have containers of undeveloped photographic film, containing photographs (when developed) of themselves occupying the property and vehicles and that these containers of film are usually located within the property and/or vehicles which are under their dominion and control.

2.    That most people store their firearms in their homes; and

3.    That persons who possess firearms usually possess other items related to firearms, such as: gun cases, ammunition, ammunition magazines, holsters, spare parts, cleaning equipment, photographs of firearms and receipts for the purchase of these items.

4.    This affidavit is being made in support of an application for an anticipatory warrant to search the entire premises located at 1708 Formosa Court, Deatsville, Alabama. The premises to be searched are more particularly described in Attachment "A" of this affidavit.

5.    The factual information contained in this application and affidavit is based upon my investigation and upon information provided to me orally and in written form by other law enforcement officers. Because this affidavit is being submitted for the purpose of securing an anticipatory search warrant, it does not contain all the information from the investigation, but only those facts deemed necessary to establish probable cause for the requested anticipatory search warrant.

6.    I have probable cause to believe that evidence in violation of Title 26, United States Code, Chapter 53, Section 5861 involving the importation of firearms and prohibited parts into the United States as well as the unregistered possession or transfer of firearms and prohibited firearm parts by individual(s), will be located on and within the premises of 1708 Formosa Court. Based upon the following information, there is probable cause to believe that the above identified premises will contain contraband upon delivery of the requested item, described as a silencer, as defined in Title 18 United States Code, Section 921. A silencer is further classified as a firearm in Title 26, United States Code, Section 5845. Additionally, it is believed the premises will contain evidence, fruits, and instrumentalities of receipt and possession of firearms and firearm parts, as described below and in Attachment B.

7.    On June 1, 2006, U.S. Customs and Border Protection (CBP) Inspector D. Nugent in Chicago, Illinois was assigned to work foreign mail when he intercepted a parcel coming from Maulburg, Germany. The

P60

Case 2:08-cv-00168-MEF-WC    Document 1-3    Filed 03/11/2008    Page 9 of 14

package was destined for Adam ROBINSON at 1708 Formosa Court, Beatsville, Alabama, 36022 USA.

The parcel was also marked declaring it as a "CO-2-Set". Upon further investigation, Officer Nugent

discovered the parcel contained an item which he believed to be a silencer for a firearm. A "firearm

silencer" or "firearm muffler" means any device for silencing or muffling, or diminishing the report of a

portable firearm, including any combination of parts, designed or redesigned, and intended for use in

assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in

such assembly or fabrication. (See Title 18, United States Code, Section 921(a)(24)). The parcel also

contained a document in the English and German language stating the item was a Weihrauch-Silencer.

The documentation included installation instructions.

8.    On June 2, 2006, Immigration and Customs Enforcement (ICE) Special Agent David Henderson

transferred the mail package containing the silencer to your Affiant. The silencer did not have an

identifying serial number stamped on it as required by federal law. Your Affiant subsequently

forwarded the silencer to the ATF Firearms Technology Branch (FTB) for an official determination of

the silencer.

9.    On June 6, 2006, Ed Turner of the ATF Firearm Technology Branch contacted your Affiant and

provided me with a verbal confirmation that the product was classified as a silencer based on it

characteristics and his physical evaluation of the item. On June 9, 2006, your Affiant faxed information

regarding ROBINSON to the National Firearms Registration and Transfer Record and requested a check

for any lawful possession or registration of the silencer. On June 14, 2006, the National Firearms

Registration and Transfer Record personnel reported to your Affiant that ROBINSON has no firearms,

to include silencers, registered to him in the National Firearms Registration and Transfer Record.

10.    Between the dates of June 14, 2006, and June 21, 2006, ATF agents in conjunction with the United States Postal Inspection Service will initiate a controlled delivery of the mail package containing the silencer to ROBINSON's residence. At the residence, a United States Postal Inspector will act as a mail carrier. Once the package is delivered to 1708 Formosa Court, ATF agents will await and verify the package has moved into the residence by hand delivery from the undercover mail carrier or the retrieval of the mail by the resident at 1708 Formosa Court. Prior to initiating the search, agents will allow reasonable time for the package to be opened inside the residence. After waiting a reasonable time, federal agents will then execute the anticipatory search warrant.

11.    Criminal History checks indicate that ROBINSON is a multi-convicted felon in the state of Alabama. According to criminal records, ROBINSON was convicted in 1981 for felony possession of a pistol and Burglary III. Furthermore, in 1987, ROBINSON was convicted of Theft 2nd Degree. The criminal record check also indicates ROBINSON is currently on parole until 2012. However, according to the Alabama Department of Pardon and Parole, ROBINSON may have been pardoned in 1997 for these crimes. To date, no certificate of pardon for ROBINSON has been located by the Alabama Department of Pardon and Parole.

Based on the foregoing facts, my knowledge and experience, I believe there is probable cause to believe that the items requested in this search warrant application will be found at the place to be searched and will constitute evidence of violations of Title 26, United States Code, Section 5861. Therefore, I respectfully request that this honorable court issue the requested anticipatory search warrant for 1708 Formosa Court, Deatsville, Alabama 36022.

Timothy Fitzpatrick, Special Agent, ATF

Sworn to and subscribed by me this _19th_ day of June, 2006.

_____
U.S. MAGISTRATE JUDGE

| Title of Investigation: ROBINSON, Adam Lamar | Investigation Number: 776045-06-0142 | Report Number: 2 |
| --- | --- | --- |



## SUMMARY OF EVENT:

On June 15, 2006, Special Agent Timothy Fitzpatrick and other agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) along with Agents from the United States Postal Inspector's Service (USPIS) and one agent from Immigration and Customs Enforcement (ICE) initiated a controlled delivery of a mail package containing a firearms silencer to 1708 Formosa Ct., Deatsville, AL 36022. Following the controlled delivery, agents executed a Federal Search Warrant on the residence.

## NARRATIVE:

1. On June 15, 2006, USPIS Agents Steve Mathews and Takiya Rome arranged for the controlled delivery of a parcel containing a firearms silencer to 1708 Formosa Ct., Deatsville, AL 36022. The parcel was sent from Germany and addressed to Adam ROBINSON at the above address.

2. At approximately 1:00 pm, Agent Rome traveled to the above address where the parcel was delivered to the mailbox located in front of the residence with the numbers "1708" clearly affixed to the top of the mailbox. During and following the delivery, Agent Mathews maintained visual contact with the mailbox.

3. At approximately 1:45 pm, Agent Mathews observed a female occupant, later identified as Karen ROBINSON, exit the residence, retrieve the mail parcel and other mail items, and returned inside the residence.

4. At approximately 2:00 pm, S/A Timothy Fitzpatrick met with Karen ROBINSON at the residence, explained the purpose of our presence, and subsequently executed the Federal Search Warrant. Karen ROBINSON was the only occupant home during the execution of the search warrant.

5. Once inside the residence, S/A Fitzpatrick along with ICE S/A Dave Henderson conducted an interview with ROBINSON. Prior to any questions, S/A Fitzpatrick read a Statement of Rights and Waiver Form to ROBINSON which she reviewed and signed and stated she understood. During the interview, ROBINSON advised that she resides at the residence with her husband, Adam ROBINSON and her son Chad. Chad was currently in Decatur visiting his grandmother

| Prepared by: Timothy C. Fitzpatrick | Title: Special Agent, Montgomery Field Office | Signature: | Date: 6/30/06 |
| --- | --- | --- | --- |
| Authorized by: Michael J. Durham | Title: Resident Agent in Charge, Montgomery Field Office | Signature: | Date: 6/30/06 |
| Second level reviewer (optional): James M. Cavanaugh | Title: Special Agent in Charge, Nashville Field Division | Signature: | Date: |

ATF EF 3120.2 (10-2004)
For Official Use Only

and Adam ROBINSON was currently working as a truck driver. When asked about firearms, ROBINSON stated that she owns a pistol that is in the nightstand next to her bed and that she bought the pistol from a pawn shop in Prattville. When asked about other firearms in the residence she stated that there may be a shotgun in the office that she also had bought. She said that she does not believe her son owns any guns and that all of the guns belong to her. ROBINSON was unable to identify any other guns recovered from the residence. She continued to state that she knows of the pistol in her bedroom and maybe one shotgun. She later stated that she acquired some firearms from her father when he passed away in 2000. When asked about the contents in the shed located in the rear of the residence and whether there are firearms or explosives in it, ROBINSON stated that the only knows of tools and other stuff in the shed and as far as she knows there are no firearms or explosives. ROBINSON was asked about firearm silencers, namely the silencers contained and she stated she was not familiar with silencers and that she did not order it and was unaware if her husband ordered it. She further stated that she did not know of any other silencers in the residence.

6. Later, agents located two suspected pipe bombs in a file drawer in the office. S/A Jennifer Rudden immediately notified EOD Agent Al Mattox of the Alabama Bureau of Investigation (ABI). Agent Mattox arrived on the scene and assisted with the safe removal, transportation and subsequent storage of the suspected pipe bombs and other explosive related items that were located and recovered.

7. As Agent Mattox was preparing to safely remove the suspected pipe bombs, ROBINSON advised S/A Fitzpatrick that the devices were harmless. When asked how she knew they were harmless, she replied because she knows what was in them. She advised there was nothing in them that could harm us. She then advised that she had made them and they were harmless. When asked why she made them, she advised that she was just messing around and made them. Following the statements of ROBINSON, Agent Mattox safely removed and secured the suspected pipe bombs and other explosive items from the residence and the shed.

8. In addition to the two suspected pipe bombs, agent recovered several additional homemade explosive type devices and explosive products, nine firearms, one stolen firearm, one flare launcher, one firearm silencer (mail parcel) and three suspected firearm silencers, over three thousand rounds of ammunitions, two computer CPU units and numerous documents. An inventory list of all property and items recovered from the residence along with a copy of the Federal Search Warrant were provided to Karen ROBINSON.

**Attachments:**

Copy of Federal Search Warrant and Affidavit for 1708 Formosa Ct., Deatsville, AL
ATF Form 3200.4 Advice of Rights and Waiver form signed by Karen ROBINSON

Search Warrant Return Attachment "A"
Ref. 1708 Formosa Court, Deatsville, AL

Inventory of property taken pursuant to the warrant:

1. Norinco, Mak-90, 7.62 caliber rifle, s/n: 53074
2. Mossberg, 12 gauge shotgun, s/n: L071845
3. Lorcin, .380 caliber handgun, s/n: 033079
4. Remington, 22 caliber rifle, s/n: none
5. Marlin, 22caliber rifle, s/n: 72430804
6. Ithaca, 12 gauge shotgun, s/n: 191691
7. Mossberg, 12 gauge shotgun, loaded with 4 rounds, s/n: J190660
8. Marlin, 22 caliber rifle with scope, s/n: 04249700
9. Smith and Wesson, 38 caliber revolver, loaded with 5 rounds, s/n: BUA1311
10. SWD, 45 caliber Derringer, DD 45, s/n: none
11. two(2) loaded ammunition magazines for 7.62 caliber rifle
12. five(5) ammunition cases containing assorted ammunition
13. one(1) box of 38 caliber ammunition (45 cartridges)
14. one(1) brown bag containing assorted ammunition
15. one(1) ammunition belt containing 12 gauge shotgun shells
16. ten(10) 7.62 caliber tracer rounds
17. one(1) "Blue Bunny" box containing assorted ammunition
18. one(1) homemade silencer, 4.5 in.x 1.5 in., black in color
19. one(1) homemade silencer, 12 in. x 2 in., black in color
20. one(1) homemade silencer, 7 in. x 2 in., black in color
21. one(1) envelope (US Mail) containing Weinrauch German silencer
22. one(1) Cobray tear gas gun
23. Assorted documentation bearing the name of Adam Robinson
24. six(6) bottles of Tannerite Binary Explosive
25. one(1) container Catalyst (zirconium based)
26. two(2) plastics – 1 funnel, 1 container
27. one(1) suspected pipe bomb, 3 in. x 8 in.
28. one(1) suspected pipe bomb, 2in. x 6 in.
29. one(1) 16 oz. container Pyrodex black powder
30. one(1) box containing numerous homemade firework devices
31. one(1) Dell CPU computer
32. one(1) HP CPU computer

6/21/06 s/A

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT

_____**MIDDLE**_____    District of    _____**ALABAMA**_____

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**V.**<br>**ADAM LAMAR ROBINSON** | **JUDGMENT IN A CRIMINAL CASE**<br>2:08CU168MEF |

Case Number:    **2:06CR223-MEF-01**

USM Number:    **12040-002**

**Everett M. Urech**
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)    __1 and 2 of the Indictment on 7/25/2007__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| **18:922(g)(1)** | **Felon in Possession of a Firearm** | **6/15/2006** | **1** |
| **26:5841,5861(d) and 5871** | **Registration of Firearms** | **6/15/2006** | **2** |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

__October 30, 2007__
Date of Imposition of Judgment

_____
Signature of Judge

__MARK E. FULLER, CHIEF U.S. DISTRICT JUDGE__
Name and Title of Judge

__1 November 2007__
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:        **ADAM LAMAR ROBINSON**
CASE NUMBER:    **2:06CR223-MEF-01**

Judgment — Page ___2___ of ___7___

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Sixty four (64) months with each Count to run concurrently.**

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐    at _____ ☐ a.m.  ☐ p.m.  on _____ .

☐    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:      **ADAM LAMAR ROBINSON**
CASE NUMBER:    **2:06CR223-MEF-01**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**Three (3) years. This term consists of 3 years on Count 1 and 3 years on Count 2, all such terms to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page ___4___ of ___7___

DEFENDANT:          **ADAM LAMAR ROBINSON**
CASE NUMBER:     **2:06CR223-MEF-01**

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in a program of drug testing administered by the United States Probation Office.

Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this Court.

Judgment — Page ___5___ of ___7___

DEFENDANT:        **ADAM LAMAR ROBINSON**
CASE NUMBER:      **2:06CR223-MEF-01**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|          | **Assessment** | **Fine** | **Restitution** |
|----------|----------------|----------|-----------------|
| **TOTALS** | $ 200.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

**TOTALS**        $ _____ 0    $ _____ 0

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page ___6___ of ___7___

DEFENDANT:    **ADAM LAMAR ROBINSON**
CASE NUMBER:    **2:06CR223-MEF-01**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $ __200.00__ due immediately, balance due

    ☐  not later than _____ , or
    X  in accordance    ☐ C,   ☐ D,   ☐ E, or   X F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

    **Criminal monetary payments shall be made payable to the Clerk, U.S. District Court, Middle District of Alabama, P.O.
    Box 711, Montgomery, AL 36101.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
    **Norinco, model Mak-90, 7.62mm rifle, bearing serial number 53074; Mossberg, 28 Inch Accu-Choke 12 gauge shotgun,
    bearing serial number L071845; Lorcin, model L-380, .380 caliber pistol, bearing serial number 033079;**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment—Page    7    of    7

DEFENDANT:        **ADAM LAMAR ROBINSON**
CASE NUMBER:    **2:06CR223-MEF-01**

## ADDITIONAL FORFEITED PROPERTY

Remington, model 510, .22 caliber rifle, no serial number; Marlin, model 1 10M, .22 caliber rifle, bearing serial number 72430804; Ithaca, 12 gauge shotgun, bearing serial number 191691; Mossberg, model 500 AG, 12 gauge shotgun, bearing serial number J190660; Marlin, model 60W, .22 caliber rifle, bearing serial number 04249700; Smith and Wesson, model 442, .38 caliber revolver, bearing serial number BUA1311; and, SWD Derringer, model DD45, .45 caliber firearm, no serial number.

CLOSED

# U.S. District Court
## Alabama Middle District (Montgomery)
### CRIMINAL DOCKET FOR CASE #: 2:06-cr-00223-MEF-WC-1
### Internal Use Only

Case title: USA v. Robinson et al

Date Filed: 09/07/2006
Date Terminated: 11/01/2007

---

Assigned to: Hon. Chief Judge Mark E. Fuller
Referred to: Honorable Wallace Capel, Jr

Appeals court case number: '07-15480-B' 'USCA'

## Defendant

**Adam Lamar Robinson** (1)
*TERMINATED: 11/01/2007*

represented by **Everett McRae Urech**
Urech & Livaudais, PC
510 N. Daleville Avenue
Daleville, AL 36322
334-598-4455
Fax: 334-598-2076
Email: daleattyeu@graceba.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Thomas Martele Goggans**
Thomas M. Goggans, Attorney at Law
2030 East Second Street
Montgomery, AL 36106
334-834-2511
Fax: 334-834-2512
Email: tgoggans@tgoggans.com
*TERMINATED: 06/08/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

## Pending Counts

## Disposition

18:922(g)(1); UNLAWFUL
TRANSPORT OF FIREARMS,
ETC.; NMT $250,000 [*]; NMT 10Y
or B; NMT 3Y SUP REL; $100 SA;
G-LINES; VWPA; FORFEITURE
ALLEGATION
(1)

64 Mos with each Ct to run CC; 3
Yrs Sup Rel which consists of 3 Yrs
on Ct 1 and 3 Yrs on Ct 2, all to run
CC; $200 SA

26:5841,5861(d) & 5871;
REGISTRATION OF FIREARMS;
NMT $250,000 [*]; NMT 10Y or B;
NMT 3Y SUP REL; $100 SA;
G-LINES; VWPA; FORFEITURE
ALLEGATION
(2)

64 Mos with each Ct to run CC; 3
Yrs Sup Rel which consists of 3 Yrs
on Ct 1 and 3 Yrs on Ct 2, all to run
CC; $200 SA

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                **Disposition**

None

**Highest Offense Level
(Terminated)**

None

**Complaints**                                       **Disposition**

None

---

**Plaintiff**

**USA**                          represented by  **John Thomas Harmon**
                                                 U.S. Attorneys Office
                                                 PO Box 197
                                                 Montgomery, AL 36101-0197
                                                 334-223-7280
                                                 Fax: 334-223-7560
                                                 Email: john.harmon@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Verne H. Speirs**
                                                 U.S. Attorney's Office
                                                 PO Box 197
                                                 Montgomery, AL 36101-0197

334-223-7280
Fax: 223-7560
Email: verne.speirs@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2006 | 1 | INDICTMENT as to Adam Lamar Robinson (1) count(s) 1, 2, Karen Kilgo Robinson (2) count(s) 2. (kcg, ) Modified on 9/22/2006 (kcg, ). Modified on 9/22/2006 (kcg, ). (Entered: 09/08/2006) |
| 09/22/2006 | | Case unsealed as to Adam Lamar Robinson and Karen Kilgo Robinson per notice of arrest by USMS. (kcg, ) Modified on 9/22/2006 (kcg, ). (Entered: 09/22/2006) |
| 09/22/2006 | 5 | MOTION for Detention Hearing by USA as to Adam Lamar Robinson. (Speirs, Verne) (Entered: 09/22/2006) |
| 09/22/2006 | | Arrest of Adam Lamar Robinson, Karen Kilgo Robinson (jct, ) (Entered: 09/22/2006) |
| 09/22/2006 | 6 | CJA 23 Financial Affidavit by Adam Lamar Robinson (jct, ) (Entered: 09/22/2006) |
| 09/22/2006 | 10 | Minute Entry for proceedings held before Judge Susan Russ Walker :Initial Appearance as to Adam Lamar Robinson held on 9/22/2006 (Recording Time 4:03 - 4:31.) (jct, ) (Entered: 09/22/2006) |
| 09/25/2006 | 12 | ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT as to Adam Lamar Robinson. Upon motion of the government, it is ORDERED that a detention Hearing is set for 9/28/2006 10:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson. Pending this hearing, the defendant shall be held in custody by the United States Marshal and produced for the hearing. Signed by Judge Susan Russ Walker on 9/25/06. (kcg, ) (Entered: 09/25/2006) |
| 09/27/2006 | 16 | ORDER as to Adam Lamar Robinson Arraignment set for 9/28/2006 10:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson. The United States Marshal is DIRECTED to produce the defendant for the arraignment. Signed by Judge Vanzetta P. McPherson on 9/27/06. (kcg, ) (Entered: 09/27/2006) |
| 09/27/2006 | 18 | NOTICE OF ATTORNEY APPEARANCE: Thomas Martele Goggans appearing for Adam Lamar Robinson (Goggans, Thomas) (Entered: 09/27/2006) |
| 09/27/2006 | 23 | Arrest Warrant Returned Executed in case as to Adam Lamar Robinson. Defendant arrested on 9/21/06. (ajr) (Entered: |

| | | 09/28/2006) |
|---|---|---|
| 09/28/2006 | ◉19 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Status Conference as to Adam Lamar Robinson, Karen Kilgo Robinson held on 9/28/2006 (Recording Time FTR: 10:01 - 10:18.) (war, ) (Entered: 09/28/2006) |
| 09/28/2006 | ◉20 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Arraignment as to Adam Lamar Robinson (1) Count 1,2 held on 9/28/2006, Plea entered by Adam Lamar Robinson Not Guilty on counts 1, 2. (Recording Time FTR: 10:18 - 10:20.) (war, ) (Entered: 09/28/2006) |
| 09/28/2006 | ◉21 | WAIVER of Speedy Trial by Adam Lamar Robinson (war, ) (Entered: 09/28/2006) |
| 09/29/2006 | ◉25 | ORDER as to Adam Lamar Robinson that the Detention Hearing set for 9/28/2006 is hereby reset to 10/2/2006 02:00 PM in Courtroom 5A before Honorable Vanzetta P. McPherson. Pending this hearing, the defendant(s) shall be held in custody of the U.S. Marshal and produced for the hearing. Signed by Judge Vanzetta P. McPherson on 9/29/06. (kcg, ) (Entered: 09/29/2006) |
| 09/29/2006 | ◉26 | ORDER ON ARRAIGNMENT TO INCLUDE ORDER TO CONTINUE - Ends of Justice as to Adam Lamar Robinson. Pretrial Conference set for 10/16/2006 09:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson. Jury Trial set for 3/12/2007 before Hon. Chief Judge Mark E. Fuller. Pretrial Motions due by 10/14/2006. Response to Motion due by 10/26/2006. Discovery due by 10/5/2006.. Signed by Judge Vanzetta P. McPherson on 9/29/06. (kcg, ) (Entered: 09/29/2006) |
| 09/29/2006 | | (Court only) ***Documents terminated as to Adam Lamar Robinson: 5 MOTION for Detention Hearing filed by USA,. (war, ) (Entered: 10/12/2006) |
| 10/02/2006 | ◉28 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Detention Hearing as to Adam Lamar Robinson held on 10/2/2006 (Recording Time FTR: 2:30 - 3:44.) (Attachments: # 1 Witness List) (war ) (Entered: 10/03/2006) |
| 10/16/2006 | ◉33 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Pretrial Conference as to Adam Lamar Robinson, Karen Kilgo Robinson held on 10/16/2006 (Recording Time FTR: 9:20 - 9:27.) (war, ) (Entered: 10/18/2006) |
| 10/23/2006 | ◉34 | ORDER OF DETENTION as to Adam Lamar Robinson . Signed by Judge Vanzetta P. McPherson on 10/23/2006. (sql, ) (Entered: 10/23/2006) |
| 10/23/2006 | ◉35 | ORDER as to Adam Lamar Robinson, Karen Kilgo Robinson Pretrial Conference set for 11/13/2006 09:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson.. Signed by Judge |

| | | Vanzetta P. McPherson on 10/23/2006. (sql, ) (Entered: 10/23/2006) |
|---|---|---|
| 10/24/2006 | 36 | PRETRIAL CONFERENCE ORDER as to Adam Lamar Robinson, Karen Kilgo Robinson Jury Selection set for 3/12/2007 before Hon. Chief Judge Mark E. Fuller. Jury Trial [ETT 3 days] is set for 3/12/2007 before Hon. Chief Judge Mark E. Fuller. Voir Dire due by 3/5/2007; Proposed Jury Instructions due by 3/5/2007; Motions in Limine by 3/5/2007; Notice of Intent to Change Plea due by noon on 2/28/2007.. Signed by Judge Vanzetta P. McPherson on 10/24/06. (kcg, ) (Entered: 10/24/2006) |
| 11/06/2006 | 40 | MOTION to Suppress by Adam Lamar Robinson. (Attachments: # 1 Exhibit Application and Affidavit for Search Warrant# 2 Exhibit Search Warrant# 3 Exhibit Application and Affidavit for Search Warrant# 4 Exhibit Search Warrant)(Goggans, Thomas) (Entered: 11/06/2006) |
| 11/09/2006 | 41 | ORDER as to Adam Lamar Robinson and Karen Kilgo Robinson that as stated in open court on October 16, 2006, and for good cause, it is ORDERED that the motion to continue (doc. #31) be and is hereby GRANTED to the extent that both defendants shall have until November 13, 2006, to file pretrial motions. In all other respects, the motion be and is hereby DENIED as moot . Signed by Judge Charles S. Coody on 11/9/06. (kcg, ) (Entered: 11/09/2006) |
| 11/09/2006 | 42 | ORDER as to Adam Lamar Robinson Pretrial Conference is set for 11/13/2006 09:00 AM in Courtroom 5B before Honorable Susan Russ Walker. The United States Marshal shall produce the defendant for the pretrial conference. Signed by Judge Charles S. Coody on 11/9/06. (kcg, ) (Entered: 11/09/2006) |
| 11/13/2006 | | Reset Hearings as to Adam Lamar Robinson, Karen Kilgo Robinson: Pretrial Conference currently set for 11/13/2006 09:00 AM in Courtroom 5A before Magistrate Judge McPherson is reset for Courtroom 5B before Honorable Susan Russ Walker. (war, ) (Entered: 11/13/2006) |
| 11/13/2006 | 43 | Minute Entry for proceedings held before Judge Susan Russ Walker :Pretrial Conference as to Adam Lamar Robinson, Karen Kilgo Robinson held on 11/13/2006 (Recording Time 9:00 - 9:05.) (jct, ) (Entered: 11/13/2006) |
| 11/14/2006 | 45 | ORDER as to Adam Lamar Robinson, Karen Kilgo Robinson : Pretrial Conference is set for 2/16/2007 at 09:00 AM in Courtroom 5B before Honorable Susan Russ Walker.. Signed by Judge Susan Russ Walker on 11/14/06. (ws, ) (Entered: 11/14/2006) |
| 11/27/2006 | 47 | RESPONSE to Motion by USA as to Adam Lamar Robinson re 40 MOTION to Suppress (Speirs, Verne) (Entered: 11/27/2006) |

| 11/29/2006 | ○ | Case as to Adam Lamar Robinson, Karen Kilgo Robinson Reassigned to Judge Wallace Capel, Jr. Judge Vanzetta P. McPherson no longer assigned to the case. (war, ) (Entered: 11/29/2006) |
| 12/01/2006 | ○ | NOTICE OF HEARING as to Adam Lamar Robinson, Karen Kilgo Robinson: Pretrial Conference currently set for 2/16/2007 at 09:00 AM in Courtroom 5B before Magistrate Judge Walker is reset for 2/16/07 at 9:00 AM in Courtroom 5A before Honorable Wallace Capel Jr. (NO PDF ATTACHED) (war, ) (Entered: 12/01/2006) |
| 12/04/2006 | ○49 | ORDER as to Adam Lamar Robinson and Karen Kilgo Robinson re [38] MOTION to Suppress *Search* filed by Karen Kilgo Robinson and 40 MOTION to Suppress filed by Adam Lamar Robinson. Evidentiary Hearing is set for 1/16/2007 09:00 AM in Courtroom 5A before Honorable Wallace Capel Jr.. The United States Marshal shall produce the defendants, if in custody, for the hearing and the Clerk of the Court is DIRECTED to provide a court reporter. Signed by Judge Wallace Capel Jr. on 12/4/06. (kcg, ) (Entered: 12/04/2006) |
| 01/16/2007 | ○50 | Minute Entry for proceedings held before Judge Wallace Capel Jr.:Evidentiary Hearing as to Adam Lamar Robinson, Karen Kilgo Robinson held on 1/16/2007 re 40 MOTION to Suppress filed by Adam Lamar Robinson,, [38] MOTION to Suppress Search filed by Karen Kilgo Robinson, (Court Reporter Jimmy Dickens.) (Attachments: # 1 Exhibit List# 2 Witness List) (war, ) (Entered: 01/16/2007) |
| 02/13/2007 | ○53 | MOTION for Release from Custody by Adam Lamar Robinson. (Goggans, Thomas) (Entered: 02/13/2007) |
| 02/13/2007 | ○54 | RESPONSE to Motion by USA as to Adam Lamar Robinson re 53 MOTION for Release from Custody (Speirs, Verne) (Entered: 02/13/2007) |
| 02/14/2007 | ○55 | ORDER that on February 13, 2007, Defendant Adam Lamar Robinson, filed a Motion for Release from Custody (Doc. #53). The Government filed a response opposing the motion (Doc. #53). Upon consideration of the motion, it is ORDERED that the motion is DENIED based on the evidence presented during the detention hearing, which established by a preponderance that Defendant had the means and the apparent desire to create explosive devices in his home, as further set out. Signed by Judge Wallace Capel Jr. on 2/14/07. (kcg, ) (Entered: 02/14/2007) |
| 02/16/2007 | ○58 | Minute Entry for proceedings held before Judge Wallace Capel Jr.:Pretrial Conference as to Adam Lamar Robinson, Karen Kilgo Robinson held on 2/16/2007 (Recording Time FTR: 9:11 - 9:13.) (war, ) (Entered: 02/16/2007) |

| 02/21/2007 | ⊛61 | RECOMMENDATION OF THE MAGISTRATE JUDGE as to Adam Lamar Robinson and Karen Kilgo Robinson that upon consideration of the motion to suppress evidence and the testimony at the evidentiary hearing, the Magistrate Judge RECOMMENDS that the motion be DENIED. Objections to R&R due by 3/6/2007, as further set out. Signed by Judge Wallace Capel Jr. on 2/21/07. (kcg, ) (Entered: 02/21/2007) |
|---|---|---|
| 02/21/2007 | ⊛62 | MOTION to Continue trial by Adam Lamar Robinson. (Goggans, Thomas) (Entered: 02/21/2007) |
| 02/22/2007 | ⊛64 | ORDER TO CONTINUE - Ends of Justice as to Adam Lamar Robinson and Karen Kilgo Robinson. GRANTING [63] MOTION to Continue trial filed by Karen Kilgo Robinson and GRANTING 62 MOTION to Continue trial filed by Adam Lamar Robinson. Jury Trial set for 3/12/2007 is continued to 7/9/2007 before Hon. Chief Judge Mark E. Fuller. The Magistrate Judge shall conduct a pretrial conference prior to the July 9, 2007 trial term. Signed by Judge Mark E. Fuller on 2/22/07. (kcg, ) (Entered: 02/22/2007) |
| 02/23/2007 | ⊛65 | ORDER as to Adam Lamar Robinson, Karen Kilgo Robinson setting Pretrial Conference for 6/18/2007 @ 09:00 AM in Courtroom 5A before Honorable Wallace Capel Jr.. Signed by Judge Wallace Capel Jr. on 2/23/2007. (ag, ) (Entered: 02/23/2007) |
| 03/06/2007 | ⊛66 | MOTION for Extension of Time to File *Objections to Recommendation* by Adam Lamar Robinson. (Goggans, Thomas) (Entered: 03/06/2007) |
| 03/06/2007 | ⊛67 | ORDER granting 66 Motion for Extension of Time to File up to and including 3/9/2007 as to Adam Lamar Robinson (1); copies also furnished to counsel by FAX.. Signed by Judge Wallace Capel Jr. on 3/6/2007. (sql, ) (Entered: 03/06/2007) |
| 03/09/2007 | ⊛68 | OBJECTION TO REPORT AND RECOMMENDATIONS 61 by Adam Lamar Robinson (Goggans, Thomas) (Entered: 03/09/2007) |
| 04/30/2007 | ⊛76 | ORDER as to Adam Lamar Robinson and Karen Kilgo Robinson that after an independent review of the file, it is the ORDER, JUDGMENT and DECREE of the Court as follows: The 61 Recommendation of the Magisrate Judge entered on February 21, 2007 is ADOPTED; (2) Adam Robinson's objections to the Recommendation of the Magistrate Judge (Doc. #68) are OVERRULED; (3) Karen Robinson's objections to the Recommendation of the Magistrate Judge (Doc. #75) are OVERRULED; (4) Adam Lamar Robinson's 40 MOTION to Suppress is DENIED; and (5) Karen Robinson's [38] MOTION to Suppress is DENIED . Signed by Judge Mark E. Fuller on 4/30/07. (kcg, ) (Entered: 04/30/2007) |

| 05/08/2007 | 77 | MOTION for Release from Custody *to agents* by USA as to Adam Lamar Robinson. (Attachments: # 1 Text of Proposed Order)(Speirs, Verne) (Entered: 05/08/2007) |
|---|---|---|
| 05/09/2007 | 78 | ORDER granting 77 Motion for Release from Custody as to Adam Lamar Robinson (1) by USA. Is is ORDERED that the United States Marshal Service shall release custody of ADAM LAMAR ROBINSON to ATF Special Agents Tim Fitzpatrick, Theron Jackson, Jennfier Rudden and/or Will Panoke on May 10, 2007, through August 31, 2007, so that said agent can take Robinson into custody without the necessity of the presence of a Deputy United States Marshal. It is further ORDERED that Special Agents Tim Fitzpatrick, Theron Jackson, Jennifer Rudden and/or Will Panoke shall return Robinson into the custody of the United States Marshals Service when they have finshed with him. Signed by Judge Wallace Capel Jr. on 5/9/07. (kcg, ) (Entered: 05/09/2007) |
| 05/31/2007 | 81 | MOTION to Withdraw as Attorney by Thomas M. Goggans. by Adam Lamar Robinson. (Goggans, Thomas) (Entered: 05/31/2007) |
| 06/05/2007 | 85 | ORDER as to Adam Lamar Robinson re 81 Motion to Withdraw as Counsel; setting a Motion Hearing for 6/8/2007 09:00 AM in Courtroom 5A before Honorable Wallace Capel Jr; directing that the person or persons having custody of the defendant shall produce him for said hearing. Signed by Judge Wallace Capel Jr. on 6/5/07. (ajr, ) (Entered: 06/05/2007) |
| 06/08/2007 | 89 | MOTION to Withdraw as Attorney *(Submission of Proposed Order)* by Thomas M. Goggans. by Adam Lamar Robinson. (Attachments: # 1 Text of Proposed Order)(Goggans, Thomas) (Entered: 06/08/2007) |
| 06/08/2007 | 90 | CJA 23 Financial Affidavit by Adam Lamar Robinson (ws, ) (Entered: 06/08/2007) |
| 06/08/2007 |  | ORAL ORDER (in open court to be followed by written Order) as to Adam Lamar Robinson granting 89 MOTION to Withdraw as Attorney by Thomas M. Goggans. Signed by Judge Wallace Capel Jr. on 6/8/07. (ws, ) (Entered: 06/08/2007) |
| 06/08/2007 | 91 | Minute Entry for proceedings held before Judge Wallace Capel Jr.:Motion Hearing as to Adam Lamar Robinson held on 6/8/2007 re 81 MOTION to Withdraw as Attorney by Thomas M. Goggans. (PDF available for court use only) (Recording Time FTR: 8:59 - 9:07.) (ws, ) (Entered: 06/08/2007) |
| 06/08/2007 | 92 | ORDER as to Adam Lamar Robinson (1) granting 81 Motion for Thomas M. Goggans to Withdraw as Attorney; that a CJA Panel Attorney be appointed to represent defendant for all further proceedings . Signed by Judge Wallace Capel Jr. on 6/8/07. (ajr, ) (Entered: 06/08/2007) |

| 06/08/2007 | 🖉 | Attorney update in case as to Adam Lamar Robinson. Attorney Thomas Martele Goggans terminated. (war, ) (Entered: 06/13/2007) |
| 06/12/2007 | 🖉 95 | NOTICE OF ATTORNEY APPEARANCE: Everett McRae Urech appearing for Adam Lamar Robinson (Urech, Everett) (Entered: 06/12/2007) |
| 06/13/2007 | 🖉 97 | CJA 20 as to Adam Lamar Robinson: Appointment of Attorney Everett McRae Urech for Adam Lamar Robinson. . Signed by Judge Wallace Capel Jr. on 6/13/07. (kcg, ) (Entered: 06/13/2007) |
| 06/18/2007 | 🖉 98 | Minute Entry for proceedings held before Judge Wallace Capel Jr.:Pretrial Conference as to Adam Lamar Robinson, Karen Kilgo Robinson held on 6/18/2007 (PDF available for court use only) (Recording Time FTR: 9:27 - 9:30.) (war, ) (Entered: 06/18/2007) |
| 06/18/2007 | 🖉 99 | MOTION to Continue by Adam Lamar Robinson. (Urech, Everett) (Entered: 06/18/2007) |
| 06/20/2007 | 🖉 100 | ORDER as to Adam Lamar Robinson re 99 MOTION to Continue filed by Adam Lamar Robinson. It is hereby ORDERED that the co-defendant Karen Kilgo Robinson Show Cause in writing on or before 6/27/2007 as to why the motion should not be granted. Signed by Judge Mark E. Fuller on 6/20/07. (kcg, ) (Entered: 06/20/2007) |
| 06/25/2007 | 🖉 102 | ORDER TO CONTINUE - Ends of Justice as to Adam Lamar Robinson and Karen Kilgo Robinson. GRANTING 99 MOTION to Continue Trial filed by Adam Lamar Robinson. Jury Trial set for 7/9/2007 is continued to 10/15/2007 before Hon. Chief Judge Mark E. Fuller. The Magistrate Judge shall conduct a pretrial conference prior to the October 15, 2007 trial term. Signed by Judge Mark E. Fuller on 6/25/07. (kcg, ) (Entered: 06/25/2007) |
| 07/17/2007 | 🖉 | Minute Entry for proceedings held before Judge Wallace Capel Jr.:In Chambers Conference as to Adam Lamar Robinson held on 7/17/2007 (NO PDF ATTACHED) (war, ) (Entered: 08/06/2007) |
| 07/20/2007 | 🖉 103 | ORDER as to Adam Lamar Robinson and Karen Kilgo Robinson that based upon this court's order resetting the trial in the above-styled case from July 9, 2007, to October 15, 2007, and for good cause, it is ORDERED that a Pretrial Conference is set for 9/14/2007 09:00 AM in Courtroom 5A before Honorable Wallace Capel Jr. Signed by Judge Wallace Capel Jr. on 7/20/07. (kcg, ) (Entered: 07/20/2007) |
| 07/23/2007 | 🖉 104 | NOTICE OF INTENT TO CHANGE PLEA by Adam Lamar Robinson (Urech, Everett) (Entered: 07/23/2007) |
| 07/24/2007 | 🖉 105 | ORDER as to Adam Lamar Robinson setting a Change of Plea Hearing for 7/25/2007 09:30 AM in Courtroom 5A before Honorable Wallace Capel Jr.; directing the Clerk to provide a court |

| | | reporter for this proceeding. Signed by Judge Wallace Capel Jr. on 7/24/07. (ajr, ) (Entered: 07/24/2007) |
|---|---|---|
| 07/25/2007 | 106 | Consent to Enter Guilty Plea before U. S. Magistrate Judge as to Adam Lamar Robinson (war, ) (Entered: 07/25/2007) |
| 07/25/2007 | 107 | PLEA AGREEMENT as to Adam Lamar Robinson (war, ) (Entered: 07/25/2007) |
| 07/25/2007 | 108 | Minute Entry for proceedings held before Judge Wallace Capel Jr.:Change of Plea Hearing as to Adam Lamar Robinson held on 7/25/2007 (PDF available for court use only), Plea entered by Adam Lamar Robinson (1) Guilty Counts 1,2. (PDF available for court use only) (Court Reporter Risa Entrekin.) (war, ) (Entered: 07/25/2007) |
| 07/25/2007 | | ORAL ORDER ADJUDICATING GUILT as to Counts 1 and 2 as to Adam Lamar Robinson . Signed by Judge Wallace Capel Jr. on 7/25/07. (war, ) (Entered: 07/25/2007) |
| 07/26/2007 | 109 | MOTION for Forfeiture of Property *(Motion for Preliminary Order of Forfeiture)* by USA as to Adam Lamar Robinson. (Attachments: # 1 Text of Proposed Order)(Harmon, John) (Entered: 07/26/2007) |
| 07/31/2007 | 110 | ORDER as to Adam Lamar Robinson Sentencing is set for 10/4/2007 09:00 AM in Courtroom 2A before Hon. Chief Judge Mark E. Fuller, as further set out. Signed by Judge Mark E. Fuller on 7/31/07. (kcg, ) (Entered: 07/31/2007) |
| 08/13/2007 | 114 | PRELIMINARY ORDER OF FORFEITURE re: 109 Motion for Forfeiture of Property as to Adam Lamar Robinson (1). Signed by Judge Mark E. Fuller on 8/13/07. (kcg, ) (Entered: 08/13/2007) |
| 08/20/2007 | 115 | ORDER as to Adam Lamar Robinson and Karen Kilgo Robinson that the pretrial conference currently set for September 14, 2007 is canceled. Signed by Judge Wallace Capel Jr. on 8/20/07. (kcg, ) (Entered: 08/20/2007) |
| 08/29/2007 | 116 | Process Receipt and Returns (10) filed as to Adam Lamar Robinson on 8/24/07. (kcg, ) (Entered: 08/30/2007) |
| 09/14/2007 | 117 | ORDER as to Adam Lamar Robinson Sentencing set for 10/4/2007 is hereby RE-SET for 10/30/2007 09:00 AM in Courtroom 2A before Hon. Chief Judge Mark E. Fuller.. Signed by Judge Mark E. Fuller on 9/14/2007. (sql, ) (Entered: 09/14/2007) |
| 10/29/2007 | 118 | MOTION for Reduction in Criminal Offense Level for Acceptance of Responsibility by USA as to Adam Lamar Robinson. (Speirs, Verne) (Entered: 10/29/2007) |
| 10/30/2007 | 120 | Minute Entry for proceedings held before Judge Mark E. Fuller :Sentencing held on 10/30/2007 as to Adam Lamar Robinson (1) (PDF available for court use only) (Court Reporter Patricia Starkie.) (kcg, ) (Entered: 11/01/2007) |

| 10/30/2007 | ⊘ | ORAL ORDER as to Adam Lamar Robinson GRANTING 118 MOTION for Reduction in Criminal Offense Level for Acceptance of Responsibility filed by USA. Signed by Judge Mark E. Fuller on 10/30/07. (kcg, ) (Entered: 11/01/2007) |
| --- | --- | --- |
| 10/30/2007 | ⊘ | ORAL MOTION to make the forfeiture allegartion final and included within the final judgment by USA as to Adam Lamar Robinson. (kcg, ) (Entered: 11/01/2007) |
| 10/30/2007 | ⊘ | ORAL ORDER as to Adam Lamar Robinson GRANTING ORAL MOTION to make the forfeiture allegation final and included within the final judgment filed by USA. Signed by Judge Mark E. Fuller on 10/30/07. (kcg, ) (Entered: 11/01/2007) |
| 10/31/2007 | ⊘119 | MEMORANDUM OPINION as to Adam Lamar Robinson. Signed by Judge Mark E. Fuller on 10/31/2007. (ag, ) (Entered: 10/31/2007) |
| 11/01/2007 | ⊘121 | JUDGMENT as to Adam Lamar Robinson (1), Count(s) 1, 2, 64 Mos with each Ct to run CC; 3 Yrs Sup Rel which consists of 3 Yrs on Ct 1 and 3 Yrs on Ct 2, all to run CC; $200 SA. Signed by Judge Mark E. Fuller on 11/1/07. (kcg, ) (Entered: 11/01/2007) |
| 11/01/2007 | ⊘ | (Court only) ***Case Terminated as to Adam Lamar Robinson (kcg, ) (Entered: 11/01/2007) |
| 11/02/2007 | ⊘123 | MOTION to Add Publication Dates to Record by USA as to Adam Lamar Robinson. (Attachments: # 1 Exhibit Publication of Notice of Criminal Forfeiture)(Harmon, John) (Entered: 11/02/2007) |
| 11/05/2007 | ⊘124 | ORDER granting 123 Motion to Add Publication Dates to Record as to Adam Lamar Robinson (1). Signed by Judge Mark E. Fuller on 11/5/07. (kcg, ) (Entered: 11/05/2007) |
| 11/13/2007 | ⊘126 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Adam Lamar Robinson (kcg, ) (Entered: 11/13/2007) |
| 11/20/2007 | ⊘127 | NOTICE OF APPEAL by USA as to Adam Lamar Robinson re 119 Memorandum Opinion (Speirs, Verne). (Entered: 11/20/2007) |
| 11/21/2007 | ⊘128 | Appeal Instructions to USA, re 127 Notice of Appeal, A copy of the Transcript Information Form must be mailed to each court reporter from whom you are requesting a transcript. (ydw, ) (Entered: 11/21/2007) |
| 11/21/2007 | ⊘ | Transmission of Notice of Appeal, 119MEMORANDUM OPINION, 1INDICTMENT and Docket Sheet to US Court of Appeals re 127 Notice of Appeal - Order CR (ydw, ) (Entered: 11/21/2007) |
| 11/27/2007 | ⊘131 | USCA Case Number as to Adam Lamar Robinson 07-15480-B for 127 Notice of Appeal - Order CR filed by USA and USCA letter appointing Everett Urech as counsel for Adam Robinson. (ydw, ) (Entered: 11/27/2007) |

| 12/05/2007 | ⊜132 | MOTION for Forfeiture of Property *(Motion for Final Order of Forfeiture)* by USA as to Adam Lamar Robinson. (Attachments: # 1 Text of Proposed Order)(Harmon, John) (Entered: 12/05/2007) |
| --- | --- | --- |
| 12/07/2007 | ⊜133 | ORDER DIRECTING FORFEITURE OF PROPERTY (firearms) as to Adam Lamar Robinson, as further outlined in order (terminating 132 MOTION for Forfeiture of Property) and directing the Clerk to forward two certified copy of this order to the USA's Office. Signed by Judge Mark E. Fuller on 12/7/07. (ajr, ) (Entered: 12/07/2007) |
| 12/19/2007 | ⊜134 | Process Receipt and Return as to Adam Lamar Robinson on 12/14/2007. (Harmon, John) (Entered: 12/19/2007) |
| 12/20/2007 | ⊜135 | LETTER from USCA to Verne H. Speirs re 127 Notice of Appeal - Order: Pursuant to Eleventh Circuit Rule 42-1(b) you are hereby notified that upon expiration of fourteen days from this date, this appeal will be dismissed by the clerk without further notice unless the default(s) noted have been corrected. (dmn) (Entered: 12/20/2007) |
| 12/20/2007 | ⊜136 | TRANSCRIPT INFORMATION FORM by Adam Lamar Robinson with the following notation, "I AM ORDERING A TRANSCRIPT OF THE FOLLOWING PROCEEDINGS: Pre-Trial Proceedings held 1/16/2007; Sentencing held 10/30/2007; and Other (Change of Plea) held 7/25/2007." (dmn) (Entered: 12/21/2007) |
| 12/26/2007 | ⊜137 | TRANSCRIPT of Suppression Hearings Proceedings (PDF available for court use only) as to Adam Lamar Robinson, Karen Kilgo Robinson held on 01/16/06 before Judge Wallace Capel, Jr.. Court Reporter: Patricia G. Starkie, re: 127 NOTICE OF APPEAL by USA. (ydw, ) (Entered: 01/03/2008) |
| 12/26/2007 | ⊜139 | TRANSCRIPT of Sentencing Proceedings (PDF available for court use only) as to Adam Lamar Robinson held on 10/30/07 before Judge Mark E. Fuller. Court Reporter: Patricia G. Starkie. 127 NOTICE OF APPEAL by USA (ydw, ) (Entered: 01/03/2008) |
| 12/27/2007 | ⊜138 | TRANSCRIPT of Change of Plea Proceedings (PDF available for court use only) as to Adam Lamar Robinson held on 07/25/07 before Judge Wallace Capel, Jr.. Court Reporter: Patricia G. Starkie. re: 127 NOTICE OF APPEAL by USA (ydw, ) (Entered: 01/03/2008) |
| 01/24/2008 | ⊜140 | CJA 20 as to Adam Lamar Robinson: Authorization to Pay Everett M. Urech. Amount: $ 5,393.51, Voucher # 080114000169.. Signed by Judge Mark E. Fuller on 1/15/08. (ws, ) (Entered: 01/24/2008) |
| 02/15/2008 | ⊜141 | ORDER OF DISMISSAL issued as the MANDATE of USCA (certified copy) as to Adam Lamar Robinson re 127 Notice of Appeal, USCA Case Number 11th Circuit Appeal No. 07-15480-BB: Appellant's motion to dismiss this appeal with prejudice, with the parties to bear their own costs, is GRANTED. (dmn) (Entered: 02/15/2008) |