IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADAM LAMAR ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | Case No. 2:08cv168-MEF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**AFFIDAVIT OF THOMAS M. GOGGANS**

STATE OF ALABAMA
MONTGOMERY COUNTY

In response to Adam Lamar Robinson's claim of ineffective assistance of counsel,

Thomas M. Goggans states the following:

1. I was licensed to practice law in the State of Alabama in 1980. I am a member of the

bars of the following courts: United States District Court for the Northern District of Alabama,

United States District Court for the Middle District of Alabama, United States District Court for

the Southern District of Alabama, United States Court of Appeals for the Fifth Circuit, United

States Court of Appeals for the Sixth Circuit, United States Court of Appeals for the Eleventh

Circuit, United States Air Force Court of Criminal Appeals, and the Supreme Court of the United

States. My practice is concentrated on criminal defense. I am a member of the National

Association of Criminal Defense Lawyers and the Alabama Criminal Defense Lawyers

Association. I was the recipient of the Alabama Criminal Defense Lawyers Association's Mollie

S. Jordan Award of Excellence in 1991. I served as the editor of *Alabama Criminal Defense*

from 1987 to 1997. I serve on the Alabama Supreme Court's Advisory Committee on Rules of

Criminal Procedure. I have given numerous lectures at continuing legal education seminars.

2.  For a period of time, I represented Adam Lamar Robinson in the action styled United State of America v. Adam Lamar Robinson, United States District Court, Middle District of Alabama, Case No. 2:06cr-00223-MEF-WC). (My motion to withdraw as counsel (Doc.[1] 81) was granted on June 8, 2007 (Doc. 92). As the facts were known to me, the government's case turned on the validity of a search of Mr. Robinson's residence pursuant to a warrant issued by a United States Magistrate Judge in the Middle District of Alabama and a search of a computer pursuant to another search warrant issued by a United States Magistrate Judge in the Middle District of Alabama. I filed a motion to suppress. (Doc. 40). The grounds for the motion to suppress appear therein. I did not assert all of the grounds urged by Mr. Robinson inasmuch as they were inapposite, meritless or frivolous. I explained my reasoning to Mr. Robinson in face-to-face meetings and in correspondence. (Attachments A, B). After a hearing, a United States Magistrate Judge recommended that the motion to suppress be denied. (Doc. 61). I filed objections to the recommendation. (Doc. 68). The objections were overruled. (Doc. 76). It is my understanding that after I withdrew from representation, Mr. Robinson, with different counsel, entered a plea of guilty and was duly sentenced. (Docs. 104, 107, 121).

Thomas M. Goggans

SWORN to and SUBSCRIBED before me on this the ᴢ day of April, 2008.

Notary Public

My commission expires: 6/20/2011

---

[1]  Numbered document references are to documents in the action styled United State of America v. Adam Lamar Robinson, United States District Court, Middle District of Alabama, Case No. 2:06cr-00223-MEF-WC.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ADAM LAMAR ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) Case No. 2:08cv168-MEF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 2nd day of April, 2008, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification to each of the following: Verne H. Speirs. I also certify that I have served a copy of the foregoing upon: Adam Lamar Robinson, Reg. No. 12040-002, P.O. Box 5000, Yazoo City MS 39194 by placing the same in the United States mail, first class postage prepaid and properly addressed on this the 2nd day of April, 2008.

**s/ Thomas M. Goggans**
Ala. S.J.I.S. GOG001
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

3

ATTACHMENT A

**THOMAS M. GOGGANS**
ATTORNEY AT LAW

2030 EAST SECOND STREET
MONTGOMERY  ALABAMA 36106

TELEPHONE  334.834.2511
FACSIMILE  334.834.2512

October 30, 2006

Mr. Adam Robinson
City Jail
P O Box 159
Montgomery AL 36101

RE:    United States of America v. Adam Robinson
       United States District Court
       Middle District of Alabama
       Case No. 2:06CR0223-MEF

Dear Mr. Robinson:

I have not yet completed the motion to suppress in your case. Courts have routinely held that customs agents do not have to have a search warrant or probable cause to search packages coming into the United States from outside the country. There may be some room for argument that based on statutory language, a change in the status of the law is warranted. Unfortunately, on another front, the Supreme Court of the United States has just recently held that anticipatory search warrants, such as the one in your case, do not themselves have to set forth conditions precedent to their execution. This recent holding of the Supreme Court of the United States has diminished the strength of if not taken away one of the arguments to suppress the evidence in your case. I will keep working on this and will keep you posted.

Sincerely,

Thomas M. Goggans

TMG/mhp

ATTACHMENT B

**THOMAS M. GOGGANS**
ATTORNEY AT LAW

2030 EAST SECOND STREET
MONTGOMERY, ALABAMA 36106

TELEPHONE 334 834 2511
FACSIMILE 334 834 2512

March 10, 2007

Mr. Adam Lamar Robinson
City Jail
P.O. Box 159
Montgomery AL 36101

RE: United States of America v. Adam Lamar Robinson
    United States District Court
    Middle District of Alabama
    Case No. 2:06cr223-MEF

Dear Mr. Robinson:

I obtained an extension until March 9, 2007 within which to file an objection to the recommendation on your motion to suppress. For your review, I am enclosing a copy of the objection.

I am in receipt of a copy of your correspondence to the Court concerning your motion to suppress. As I have informed and shown you before, the property to be searched and property to be seized were referenced in attachments, another copy of which is enclosed. A warrant sufficiently particularizes the place to be searched if the law enforcement officials who are to execute the warrant "can with reasonable effort ascertain and identify the place intended." As I have informed you before, a description may be particularized by an attachment or affidavit. An otherwise overbroad description or mistaken description of the place to be searched may also be particularized personal knowledge of the law enforcement officials of the place intended to be searched. This should once again address your concern.

Sincerely,

Thomas M. Goggans