In the United States District Court
For the Middle District of Alabama
Northern Division.

2008 APR 21 A 9:55
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Adam Lamar Robinson
Petitioner

Vs.                              Case No# 2:08 CV 168 MEF.

United States of America.
Respondent

      Statement In Response of
      Affidavit of Thomas Goggans.

1. It is true that Mr Goggans represented The petitioner Adam Lamar Robinson In Case No# 2:06cr223 MEF. Mr Goggans only filed his motion to withdraw After having recived notice from the Petitioner that his services where no longer needed.
(see Letter Date May 29th 2007 From Adam Robinson to Thomas Goggans) (Attachment A)

2. In the second part of Mr Goggans Affidavit he states the Governments Case turned on the Validity of A search of The Petitioner's home (Adam Robinson) Pursuant to a search warrant.
Mr Goggans own words show the Governments Case Hinged on the Validity of, The search warrant used at the Petitioner's home, Not on A package being opened In Chicago Illinois.

That Mr Goggans Petition would prove he did not assert all of the grounds urged by the Petitioner Adam Robinson (Inasmuch) as they were Inapposite, meritless and Frivolous.

The United States Const. Amend. IV, The Supreme Court of The United States. Along with The 1st, 2nd, 5th, 7th, 8th, 9th and 10th Circuit would disagree with Mr Goggans.

(See Attached Case Law)

1. US Supreme Court Groh v Ramirez
2. US Const. Amend. IV
3. 1st Circuit United States v Fuccillo. 1987
4. 2nd Circuit Dale v Bartels. 1984
5. 5th Circuit United States v Shugart 1997
6. 7th Circuit United States v Stefonek 1999
7. 8th Circuit United States v Nelson. 1994
8. 9th Circuit United States v McGrew. 1997
9. 10th Circuit United States v Dahlman. 1993

Declaration under penalty of perjury 1746 (2) reading.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of April 2008.

Adam Lamar Robinson                        /s/ Adam L. Robinson
12040002  1Bu Law
Po Box 5000
Yazoo City Miss
   39194-5000

Adam Robinson
12040002 1BU Low
P.O Box 5000
Yazoo City, Miss
39194-5000



JACKSON MS 392

15 APR 2008 PM 1 L

Office of The Clerk
United States District Court
P.O Box 711
Montgomery, Alabama
36101-0711

Thomas Goggans.                                              5-29-07

Dear Sir

This is to Inform you That as of This Date 5-29-07. I no Longer will require you to be my Attorney. I am also Sending a Letter to Judge Capel Informing Him of This And Asking Judge Capel to Appoint me A Attorney Since I Can No Longer Afford A Attorney. I will Explain my Reasons to Judge Capel. I don't Think I Need to Explain Them to you, Other Than to Say your Total Lack of Concern For me or This Case. Since you where retained. If you where to busey to take my case, you should have said so. And not taken my Family's money. As It Stands Now my wife Is About to Lose our Home And Everthing we have worked For. You on the other Hand Have our money. Having done nothing to Earn It. You will go your way as If Nothing Is wrong.

                                          Sincerly
                                          Adam Robinson.

1 **Challenge warrant.**Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 1289, 157 L.Ed. 2d 1068, 1078, 2004 U.S. Lexis 1624, *12 (2004) (``**warrant** was plainly invalid'' according to particularity requirement where **warrant** failed to describe any items that officer intended to seize and failed to incorporate by reference **warrant** application which did contain list of items).

2 **Constitutional source.**Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 1293, 157 L.Ed. 2d 1068, 1082, 2004 U.S. Lexis 1624, *23 (2004) (``particularity requirement is set forth in the text of the Constitution'').

3 **Particularity requirement.** U.S. Const. amend IV. *See also* Fed. R. Crim. P. 4(c)(1) (arrest **warrant** ``shall contain the name of the defendant or, if the defendant's name is unknown, any name or description by which the defendant can be identified with reasonable certainty''); Fed. R. Crim. P. 41(c)(1) (magistrate ``shall issue a **warrant** identifying the property or person to be seized and naming or describing the person or place to be **searched**'').

4 **Particular about place, not items.**Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 1289, 157 L.Ed. 2d 1068, 1078, 2004 U.S. Lexis 1624, *12 (2004) (``**warrant** was plainly invalid'', although it described with particularity the place to be **searched** but failed to describe any of the items sought).

5 **Framers' intent.**Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 1292, 157 L.Ed. 2d 1068, 1081, 2004 U.S. Lexis 1624, *20 (2004) (one purpose of particularity requirement is ``prevention of general **searches**''), citing Maryland v. Garrison, 480 U.S. 79, 84, 107 S. Ct. 1013, 94 L. Ed. 2d 72 (1987) (particularity requirement prevents ``the wide-ranging exploratory **searches** the Framers intended to prohibit''); Coolidge v. New Hampshire, 403 U.S. 443, 467, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971) (plurality opinion) (particularity requirement prevents ``general, exploratory rummaging in a person's belongings'').

6 **Notice to owner.**Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 1292, 157 L.Ed. 2d 1068, 1081, 2004 U.S. Lexis 1624, *20 (2004) (``A particular **warrant** also assures the individual whose property is **searched** or seized of the lawful authority of the executing officer, his need to **search**, and the limits of his power to **search**.'') (internal quote marks omitted); *see also*Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983) (``Possession of a **warrant** by officers conducting an arrest or **search** greatly reduces the perception of unlawful or intrusive police conduct.'').

7 **Ascertain place.**Steele v. United States, 267 U.S. 498, 503, 45 S. Ct. 414, 69 L. Ed. 757 (1925) (``it is enough if the description is such that the officer ... can with a reasonable effort ascertain and identify the place intended.'').

**Not incorporated; not cured.**

*U.S. Supreme Court:* Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 1288, 1290, 157 L. Ed. 2d 1068, 1077-78, 2004 U.S. Lexis 1624, *9 and 13-14 (2004) (affidavit did not cure **warrant**, although affidavit contained list of items which **warrant** omitted, where affidavit was not incorporated by reference in **warrant** and officer handed **warrant** but not affidavit to property owner).

*5th Circuit* United States v. Shugart, 117 F.3d 838, 845 (5th Cir. 1997) (affidavit did not cure boilerplate **warrant** drafted for drug possession, although affidavit described drug manufacturing, where affidavit was neither attached to nor incorporated by reference in **warrant**);

*7th Circuit* United States v. Stefonek, 179 F.3d 1030, 1032-33 (7th Cir. 1999) (affidavit did not cure **warrant** where **warrant** did not incorporate it by reference);

*8th Circuit* United States v. Nelson, 36 F.3d 758, 760 (8th Cir. 1994) (affidavit did not cure **warrant** where affidavit, which requested body cavity **search**, was not incorporated by reference into **warrant**);

*10th Circuit* United States v. Dahlman, 13 F.3d 1391, 1395 (10th Cir. 1993) (affidavit did not cure **warrant**, where it was neither attached to or incorporated by reference in **warrant**).

**112  Items not named in warrant.**

*1st Circuit* United States v. Fuccillo, 808 F.2d 173, 177-78 (1st Cir. 1987) (court suppressed evidence because police exceeded scope of **warrant** by seizing items not named in it; **warrant** authorized seizure of women's clothes, and police seized 2 racks of men's clothes);

*2d Circuit* Dale v. Bartels, 732 F.2d 278, 284-85 (2d Cir. 1984) (exceeded scope by seizing tape recorder, photographs, cash, adding machine and medical instruments, where **warrant** authorized seizure of clinic records and methadone tablets);

*10th Circuit* United States v. Foster, 100 F.3d 846, 849-52 (10th Cir. 1996) (court suppressed evidence where police exceeded scope of **warrant** by seizing all items of value in target's house, where **warrant** authorized seizure of drugs and guns).

**Not attached; not cured.**

*U.S. Supreme Court:* Groh v. Ramirez, 540 U.S. 551, 124 S. Ct. 1284, 157 L. Ed. 2d 1068, 2004 U.S. Lexis 1624, *9 and 13-14. (2004) (affidavit did not cure **warrant**, although affidavit contained list of items which **warrant** omitted, where affidavit was not attached to **warrant** which officer handed to property owner).

*5th Circuit* United States v. Shugart, 117 F.3d 838, 845 (5th Cir. 1997) (affidavit did not cure boilerplate **warrant** drafted for drug possession, although affidavit described drug manufacturing, where affidavit was neither attached to nor incorporated by reference in **warrant**);

*10th Circuit* United States v. Dahlman, 13 F.3d 1391, 1395 (10th Cir. 1993) (affidavit did not cure **warrant**, where it was neither attached to nor incorporated by reference in **warrant**).

**Not present; not cured.**

*U.S. Supreme Court:* Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 1288, 1290, 157 L. Ed. 2d 1068, 1077-78, 2004 U.S. Lexis 1624, *9 and 13-14 (2004) (affidavit did not cure **warrant**, although affidavit contained list of items which **warrant** omitted, where officer handed **warrant** to property owner but affidavit did not ``accompany'' it).

*9th Circuit* United States v. McGrew, 122 F.3d 847, 847-50 (9th Cir. 1997) (affidavit did not cure **warrant**, although incorporated by reference into **warrant**, because affidavit not presented to suspect).